No. 10,145.
Orleans

EARL DOUGLASS, Appellant v. WILLIAM H. BURNEY

(November 2, 1925, Opinion and Decree)

*(Syllabus by the Court.)*

1. Louisiana Digest—Obligations—Par. 4, 30.

A promise to sell which binds only the promisor is a *nudum pactum*.

(Civil Code, Art. 2462. Editor's note.)

Appeal from the First City Court of New Orleans, Section "C". Hon. William V. Seeber, Judge.

This is a suit to recover money paid in connection with a proposed sale of real estate.

There was a judgment for defendant and plaintiff appealed.

Judgment reversed.

Philip R. Livingston and John J. Darrieux, of New Orleans, attorneys for plaintiff, appellant.

Emerson Bentley, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff sues to recover $200.00 paid to defendant in connection with a proposed sale of real estate then under consideration by plaintiff as prospective purchaser and defendant as owner.

Defendant denies that there was any negotiations between the plaintiff and himself, asserting that he dealt only with a party by the name of Ross. However, the receipt given by defendant for the $200.00 is made out in Douglass' name. Plaintiff says it was his money and Ross, who testified in the case, said it was plaintiff's money, and since there is no proof of agency, we must conclude that plaintiff is the party in interest.

The receipt reads as follows:

"April 15, 1924.

"Received of Mr. Earl Douglass Two Hundred Dollars Deposit on 4 lots G. H. I. J. at $300.00 each on Bartholomew bt. Law and Florida Walk.

"$200.00            "W. H. BURNEY."

It is argued that this receipt is not a contract, cannot be evidence of an agreement to buy and sell, and gives no right to specific performance; that it simply represents an abortive effort to enter into a contract of sale of immovable property which was not consummated and that, consequently, plaintiff must recover his money deposited with defendant.

Article 2462, R. C. C., is as follows:

"A promise to sell when there exists a reciprocal consent of both parties as to the thing, the price and terms and which, if it related to immovables, is in writing so far amounts to a sale as to give either party the right to enforce specific performance of same."

It is evident that this receipt cannot be regarded as complying with the requisites of the Code as a promise to sell immovable property. There is no reciprocal consent whatever may be said of the other essentials. Burney alone is bound and it is, therefore, a *nudum pactum.* Campbell vs. Lombert & Co., 36 La. Ann. 35.

There is considerable discussion in counsel's brief and there was much said in oral argument about defendant's right to file a supplemental answer excluded by the trial court. The supplemental answer appears to us as having been properly excluded.

In the excluded pleading defendant insists that he had no dealings with plaintiff and dealt only with Ross; that he agreed to sell Ross the property and Ross took possession of it at once, and continues to possess same. But if it is held that plaintiff was the party he dealt with and not Ross, then there should be judgment ordering the return of the property with a reasonable rental, which defendant puts at $10.00 per month, and revenues. It is obvious that whatever Ross has done to the prejudice of defendant cannot be considered in an action to which he is not a party.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of the plaintiff, Earl Douglass, and against the defendant, W. H. Burney, in the sum of $200.00, with interest from official demand, and costs of both courts.